ST. BARNABAS HOSPITAL v. MINNEAPOLIS INTERNATIONAL ELECTRIC COMPANY.[1]

May 12, 1897.

Nos. 10, 538—(116).

### Contract—Construction—Termination of Liability.

The defendant took one of its employes, who had been seriously injured, to plaintiff hospital, and at its request and upon its promise to pay for his care and treatment the plaintiff accepted and received him as a patient for an indefinite period, no length of time being mentioned. Subsequently, and while the patient was yet incapable of being removed or discharged from the hospital without great danger to his life or health, the defendant gave notice that thereafter it would not be responsible for his care or treatment. *Held*, that defendant had no right to thus terminate its liability; that, under the circumstances, it was an implied condition of the contract that defendant could only terminate it by removing the patient or when he could be dismissed by the plaintiff without serious danger to his life or health. In order to relieve itself from liability for care and treatment, furnished after the notice, on the ground that the patient had means of his own to pay for it, the burden was on defendant to prove that he had means out of which the plaintiff could and should have collected its pay.

Appeal by defendant from an order of the municipal court of Minneapolis, Holt, J., refusing a new trial after a verdict for plaintiff for $310. Affirmed.

[1] Reported in 70 N. W. 1126.

*Harrison & Noyes,* for appellant.
*George S. Grimes,* for respondent.

MITCHELL, J.   This was an action to recover for the care and treatment of one Soutar, furnished and performed at the instance and request of the defendant.   The undisputed evidence is that Soutar, having sustained very severe injuries while in its employment, the defendant brought him to plaintiff's hospital, and that plaintiff received and accepted him as a patient upon the faith of defendant's promise to pay for his care and treatment.   The evidence on part of the plaintiff was to the effect that nothing was said as to length of time, while defendant's evidence was to the effect that its promise was to pay for his care until further notice.   As we view the case, it is immaterial which is correct.   Soutar was taken to the hospital on October 22d, and a few days afterwards was, at the request of the defendant, removed from one of the hospital wards to a private room, where he was kept and cared for until April 8.   The usual price for a private room was $15 a week, while the price for a place in one of the wards was only $7.   These accommodations were, respectively, worth these prices.   On November 12th defendant gave notice to the plaintiff that it would not continue responsible for any further treatment or care of Soutar after the next day.

The contention of the defendant was that it had the absolute right to terminate its promise instanter at any time by giving notice to that effect, and therefore could not, under any circumstances, be held liable for Soutar's care and treatment after November 13th.   The contention of the plaintiff, and the view of the law on which the court submitted the case to the jury, was that under the circumstances the agreement was not one which the defendant had an absolute right to terminate at any time merely by giving notice; that defendant, having brought a seriously injured man to the hospital, and the plaintiff having taken him in and accepted him as a patient at the request of defendant, and on the faith of its promise to pay, it would remain liable, notwithstanding notice to the contrary, until it removed him, or until he sufficiently recovered, so that he could have been dismissed or put out of the hospital without great danger to his health or life, unless it appeared that he had means of his own out of which plaintiff could have collected its pay.   This was an implied

condition, upon which the contract could be terminated. It is in accord alike with common sense and the dictates of humanity. The plaintiff, having taken in a helpless and severely injured man at the defendant's request, and upon its promise to pay for an indefinite time, it would be monstrous if the defendant could, the very next day, summarily withdraw its promise, leave the sick man on plaintiff's hands, and put it to the alternative of either keeping and caring for him without pay, or else cruelly and inhumanly throwing him into the street.

The plaintiff assumed the burden, which doubtless belonged to. it, of proving that Soutar could not have been dismissed or removed from the hospital without great danger to his health or life until the date of his dismissal, on April 8. The evidence abundantly established this fact unless it was as to the last four weeks. The jury evidently took the view that he might have been safely dismissed four weeks sooner than he was, and hence allowed plaintiff nothing for that time. There was no evidence that Soutar had any means to pay for his own treatment. All that it shows is that he was a single man, and presumably had no home of his own. The charge of the court implies that the burden was on the defendant, if it would relieve itself from liability on that ground, to show that Soutar had means to pay for what care he received. We are of opinion that this was right. Plaintiff's contract was with the defendant, and not with Soutar. Defendant having brought the patient to the hospital, and promised to pay for his treatment, if it would relieve itself of liability after notice, notwithstanding its failure to remove him, and the further fact that he was in no condition to be dismissed, it was at least incumbent on it to show that plaintiff could and should have collected its pay from Soutar himself.

The point is made that, after defendant gave notice that it would be no longer liable, the plaintiff should at least have minimized defendant's liability by removing Soutar from the private room to one of the hospital wards, where the cost would have been less than half. It is sufficient answer to this that no such point was made on the trial in the court below, either in the introduction of evidence or by requests to charge the jury. The defendant squarely took the position that it was not liable for anything after November 13th, and no ques-

tion seems to have been made but that it was liable for the full amount charged per week, if it was liable at all.

Several of the assignments of error relate to the admission or exclusion of evidence; but, as the defendant has failed to specify the pages or folios in the paper book where these rulings are to be found, we do not feel it to be our duty to read over the whole record to find them. We may add, however, that such of them as we have discovered contain no prejudicial error.

Order affirmed.