## OSCAR J. OLSON AND ANOTHER v. CHICAGO-LAKE STATE BANK AND ANOTHER.[1]

July 3, 1925.

No. 24,612.

**Findings sustained that note and mortgage were obtained by fraud.**

1. Evidence considered and *held* to sustain the findings that defendant is not a bona fide owner of the note and mortgage in question; that they were obtained by fraud; that they were executed for the purpose only of being used as collateral security; and that defendant took them with knowledge of the purpose for which they were given.

**Finding sustained that payments to defendant were made on understanding it should pay bills for labor and materials.**

2. That the evidence supports the finding that whatever payments were made to defendant, upon the note and mortgage in question, were made with the understanding that the defendant would pay all bills for the labor and materials on account of which the mortgage was given.

1. See Mortgages, 27 Cyc. p. 1229.
2. See Mortgages, 27 Cyc. p. 1229.

[1]Reported in 204 N. W. 926.

Action in the district court for Hennepin county for an accounting and for other relief. The case was tried before Dickinson, J., who ordered judgment in favor of plaintiffs. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*Jesse Van Valkenburg*, for appellants.

*John A. Nordin*, for respondents.

QUINN, J.

During all of the time herein material, plaintiffs have been husband and wife. They were owners and in possession of lot 4, block 2, Page's Addition to Minneapolis, in Hennepin county, on April 20, 1921. On that day they entered into an agreement with F. W. Cardigan, doing business as the Twin City Construction Company, to remodel the dwelling upon said lot at the agreed price of $2,450, to be paid as follows: $450 down, the balance in monthly instalments of $25, commencing May 20, 1921, with interest at the rate of 7 per cent per annum. A note and mortgage, not mentioned in the agreement, but to be used by Cardigan as collateral security at the defendant bank, to raise money with which to pay for the labor and material going into such improvement, were executed by plaintiffs to Cardigan.

The note and mortgage were executed on April 22, the mortgage recorded on April 22, and, on May 15, 1921, the mortgagee, Cardigan, negotiated the same together with three other mortgages, aggregating $6,256.71, to the defendant bank, through Jourgen Olson, its president. At that time, Cardigan was under obligations to the bank in the sum of $4,309.14, which, by agreement, was deducted from the amount of the paper so negotiated, and the balance of $1,947.27 was placed to the credit of Cardigan, subject to check. This account was all checked out and the account closed by June 2, 1921. The bank thereafter proceeded to foreclose the mortgage. Subsequently, this action was brought for an accounting with the bank, to obtain an order directing it to pay and satisfy the liens allowed against plaintiffs' property prior to the mortgage, and for an order enjoining defendant from proceeding with the foreclosure.

When the injunction matter came up, in the foreclosure proceeding, June 29, 1923, counsel for the appellant dictated a stipulation, which was agreed to and was, in effect, as follows: That the defendant would, in case the pending motion be denied, pay all of the lien claims within 30 days after judgment be entered in favor of the lien claimants in said action, with the right to become subrogated to all the rights of the claimants whose claims were so paid for.

On June 30, 1923, the court made an order denying the injunction, subject however to certain conditions as to reopening, which were dictated by the judge and taken by the reporter. On September 17, 1923, counsel for appellant, feeling that he should file the foreclosure certificate or his foreclosure would be no good, made the following stipulation with reference to the foreclosure:

"It is further stipulated that in case said plaintiffs shall in said action obtain an order for judgment of said court to the effect that the said Chicago-Lake State Bank is entitled to hold said mortgage, so foreclosed, for less than the whole amount, for which the same has been foreclosed as shown by the foreclosure record, then said foreclosure proceedings shall be by said Chicago-Lake State Bank dismissed, and be null and void in all respects."

In disposing of the present case, the trial court made findings and conclusions to the effect that the defendant is not a bona fide owner of the note and mortgage; that they were obtained by fraud and without consideration; and that the bank took them with knowledge of the purpose for which they were executed, or in the exercise of due care should have known, also subject to the equities existing in favor of plaintiffs on April 20, 1921, and that whatever money was paid thereon to defendant was paid in reliance upon the defendants paying the bills for labor and material, which went into the remodeling of the dwelling. The assignment of the mortgage was dated May 16, 1921, and filed for record September 12, 1921. Subsequently, an action was brought in the district court of Hennepin county to foreclose the mechanics' liens against the premises, in which judgment was obtained against the property in an amount in

excess of $1,500, and adjudging the same superior to the mortgage in question, and directing the sale of the property to satisfy such liens.

The agreement between plaintiffs and Cardigan for the remodeling of the dwelling was executory in character. It contemplated that Cardigan should remodel the house and pay for all labor and material. It was to assist in that respect that the note and mortgage were given. When he failed to pay and liens were filed, plaintiffs brought this suit to compel the defendant to pay such liens from the proceeds of the mortgage.

The record is not in keeping with the rules. It is very incomplete in its printed form. Apparently but little effort was made to specify either the pages or folios in connection with the assignments of error, or to direct attention to any alleged error on the part of the trial court, except the mere reference to the proposed amendments to the findings and motion for a new trial. St. Barnabas Hospital v. Minneapolis International Electric Co. 68 Minn. 254-257, 70 N. W. 1126, 40 L. R. A. 388; Naeseth v. Hommedal, 109 Minn. 153-157, 123 N. W. 287. Several of the assignments of error relate to the admission or exclusion of evidence and to the insufficiency of the proofs bearing upon different phases of the case. The settled case is not before us, nor has it been sent to the clerk of this court. However, we have made considerable of an effort to discover the matters referred to in the assignments, and have discovered no prejudicial error in the rulings, nor a failure in the evidence to support the findings of the trial court.

At the time the note and mortgage were executed, plaintiffs received no money. It is undisputed that the same were given to pay for labor and material going into the improvements and that no part of the proceeds therefor had ever gone to the payment of the same. There is testimony to the effect that, while Cardigan and his men were engaged in remodeling the dwelling, the president of the defendant bank notified plaintiffs to pay their monthly instalments at the bank, and stated to plaintiffs that the bank would see to it that all bills for the improvements would be paid; that

plaintiffs continued to pay such instalments as per request and, on August 6, 1921, when making one of such payments, asked if the bank had the note, mortgage and insurance papers there at the time and were informed, by the president of the bank, that they must have been overlooked in some way, but that he would get them. The plaintiff O. J. Olson, further testified, in effect, that, thereafter, he saw the note and mortgage in the office of a lawyer by the name of Mr. Evans, over in the Security building. Evans was not attorney for the bank. This was after the bank had told plaintiff it would see the claims paid, and long before the assignment of the mortgage was recorded.

The order of the trial court gives, to the defendant, the right to accede to the mortgage upon the property, in the amount of $1,750 with interest, upon its paying the liens, as therein provided for. We are of the opinion and hold that the evidence is sufficient to sustain the order of the trial court, and that there was no prejudicial error in the rulings upon the exclusion or reception of evidence.

Affirmed.