HODGEN v. BITELY.

1. MASTER AND SERVANT — INJURED EMPLOYEE NOT LIABLE FOR MEDICAL SERVICES RENDERED PURSUANT TO WRITTEN ORDER OF EMPLOYER.

In an action by a physician against an injured employee and his employer for medical and hospital services rendered to the employee, the latter was properly held not liable, where it appears that plaintiff refused the services until he received a written order from the employer author-

[1]Physicians and Surgeons, 30 Cyc. p. 1596.

izing same, and that he did not in any way rely upon any obligation on the part of the employee to pay him.

2. SAME—AUTHORITY OF FOREMAN TO BIND EMPLOYER FOR MEDICAL SERVICES TO INJURED EMPLOYEE.

A foreman in charge of workmen, whose duties consisted in part in taking charge of any matters pertaining to injuries to them, and who was furnished blanks for reporting such injuries, was authorized to issue an order to a physician to render additional medical services to an injured employee which was binding on the employer.

3. SAME — EMPLOYER LIABLE FOR MEDICAL SERVICES ALTHOUGH ORDER WAS BASED ON MISTAKE THAT THEY CAME UNDER LAW.

An order by a foreman to a physician to render additional medical services to an injured employee was binding on the employer, rendering it liable to pay therefor, although the foreman thought such treatment would be under the workmen's compensation act, and the order so stated, and he did not know that the employer's obligation thereunder was limited to 90 days, which had expired before the order was given.

Error to Muskegon; Vanderwerp (John), J. Submitted June 8, 1927. (Docket No. 31.) Decided July 29, 1927.

Assumpsit by John T. Hodgen against Earl Bitely and the Higman Package Company for medical and hospital services. Judgment for plaintiff against defendant company. Plaintiff and defendant company bring error. Affirmed.

*William K. Clute,* for plaintiff.

*Louis H. Osterhous,* for defendant company.

*Dunham & Cholette,* for defendant Bitely.

SHARPE, C. J. The trial court, before whom the cause was tried without a jury, filed the following opinion:

"Earl Bitely was injured on February 19, 1924,

---

[2]Agency, 2 C. J. § 309 (Anno); [3]Id., 2 C. J. § 309 (Anno); 7 A. L. R. 545.

while in the employ of the Higman Package Company. The latter company was insured in pursuance of the workmen's compensation law and Bitely was treated by Doctor John T. Hodgen, the plaintiff, and a leg amputated by him nine days after the accident. The plaintiff was paid for his services rendered to Bitely at that time by the Higman Package Company through its insurer. In October, 1924, Bitely came to plaintiff again for treatment. Plaintiff sent him back to his employer for authority to the plaintiff to treat him further, and Bitely returned with the following document:

" 'Date, October 6, 1924.

" 'DOCTOR J. HODGEN,

" 'Grand Rapids, Michigan.

" 'Please render to Mr. Earl Bitely the necessary medical services as provided for in the workmen's compensation act, for injury received on February 19, 1924, while in our employ. Nature of injury, amputation of leg.        Name of employer,

" 'HIGMAN PACKAGE COMPANY, by J. FISHER.'

"Thereupon the plaintiff again treated Bitely and performed another operation upon him, placing him in a hospital in Grand Rapids. This suit is brought by the plaintiff for professional services from October 10, 1924, to December 24, 1924, $447, also, for the account of the Blodgett hospital for care and services in connection with this latter treatment, $385, the second account having been assigned to the plaintiff, making a total of plaintiff's claim of $832.

"There are three questions to be decided in this case, as follows:

" '1. Is Earl Bitely liable for this account?

" '2. Was J. Fisher, the person who signed the order above mentioned, authorized to sign the same?

" '3. Is the defendant Higman Package Company liable for this service?'

"Defendant claims that the written authority is limited to the provisions of the workmen's compensation act.

"1. I am of the opinion that Earl Bitely is not liable for this account. Plaintiff declined to commence the treatment of Bitely in 1924 and sent him back to the Higman Package Company for authority to do so.

While he testifies that he would not finally have declined to perform the services for Bitely, he did feel that somebody should pay him for the services if authority therefor could be obtained, and that that was the reason he sent him back for such authority.    Bitely obtained the written authority from the employer and brought it back to the plaintiff, and, thereupon, the services commenced.    It is evident, therefore, that plaintiff did not in any way rely upon Bitely hiring him, nor upon any obligation on his part to pay him.

"2. I am of the opinion that J. Fisher, who signed the paper referred to, was authorized to sign the same and bind the Higman Package Company thereby.    He testifies that among his duties as foreman for the defendant company, being in charge of the workmen, was that of taking charge of any matters pertaining to injuries to the men.    He had blanks for reporting such injuries and had repeatedly issued them upon forms furnished to him; that he gave this order so Bitely could receive further treatment, and that he thought the treatment would be under the workmen's compensation law, and did not know that the obligation of the insurer was limited to 90 days after the injury, under the law.

"3. The most difficult question is as to whether the defendant Higman Package Company is liable, in view of the peculiar wording of the written authority, and taking into consideration that the workmen's compensation law contains the following provision:

" 'SECTION 4. During the first ninety days after the injury, the employer shall furnish, or cause to be furnished reasonable medical, surgical, and hospital services and medicines when they are needed.'    Comp. Laws Supp. 1922, § 5434.

"The 90 days had long expired before the second services of the plaintiff commenced in October of 1924. It is conceded by plaintiff that he has no redress under the workmen's compensation law, but he does contend that, in view of the order, even though it does refer to the workmen's compensation law, the defendant Higman Package Company is liable for this claim.    I am of the opinion that the Higman Package Company is liable for this claim, both for the doctor's services and the hospital bills.    If no order had been made, of course, under the law itself, defendant would not

have been liable, but giving a written order directed to the plaintiff asking him to render Bitely the necessary medical services as provided for in the workmen's compensation act for the injuries received, does not, in my opinion, limit it to the 90-day period mentioned in the act.     In fact, the 90 days had already expired at the time this written authority was given, on October 6, 1924.     It authorized the plaintiff to further treat Bitely, and the work being done, the services being rendered both by the plaintiff and the hospital under the written authority mentioned, the claims should be paid by the Higman Package Company.     The fact that Fisher's idea was that the treatment would be under the law does not change the situation nor does it change the question of the liability of his employer."

Both the plaintiff and the defendant company review the judgment entered pursuant thereto by writ of error.     An examination of the record satisfies us that the trial court reached the right result.     We adopt his opinion as our own.     We but add, owing to the insistence of counsel for the company that the order limited its liability to sums payable under the workmen's compensation act, that such order, while on one of the blanks provided by the department for use by employers, was a plain direction to plaintiff to render the necessary medical service to Bitely at the expense of the company.     Otherwise it was of no effect, as the time limit for furnishing such service under the act had long since expired.

The judgment is affirmed.     As both parties seek review, no costs in this court will be allowed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.