SAGINAW GENERAL HOSPITAL *v.* OCEAN ACCIDENT &
GUARANTEE CORPORATION, LTD.

1. WORKMEN'S COMPENSATION—HOSPITALIZATION—ASSUMPSIT.

In cases wherein an employer, or the insurer carrying the in-
dustrial risk, contracts for hospitalization for an injured em-
ployee, recovery therefor may be had in assumpsit.

2. SAME—FIRST 90 DAYS AFTER INJURY—MEDICAL AND HOSPITAL
SERVICES.

An employer has the statutory liability of furnishing to an in-
jured employee reasonable medical, surgical and hospital serv-
ices and medicines when needed during the first 90 days after
the injury (2 Comp. Laws 1929, § 8420).

3. JUDGMENT—RES JUDICATA—WORKMEN'S COMPENSATION PROCEED-
INGS—HOSPITALIZATION.

In suit by hospital against insurer carrying industrial risks for
hospitalization of injured employee, plaintiff *held*, bound by
award of department of labor and industry in compensation
proceedings for its services for first 90-day period which award
was paid to and accepted by plaintiff although it was not a
party to such proceedings before the department, since the
proceedings, insofar as they involved its claim for such period,
were prosecuted for and in its behalf (2 Comp. Laws 1929,
§ 8420).

4. INSURANCE—WORKMEN'S COMPENSATION—HOSPITALIZATION.

Insurer carrying industrial risk who procured admission of an
injured employee to plaintiff's hospital *held*, not liable in action
of assumpsit for services rendered after first 90 days upon
either express or implied contract, where all parties knew
patient was a compensation case with liability for his care in
hospital limited to first 90 days, notwithstanding no notifica-
tion of termination of responsibility was given and patient
could not be discharged at end of 90-day period without en-
dangering his health (2 Comp. Laws 1929, § 8420).

5. WORKMEN'S COMPENSATION—HOSPITALIZATION—CONTRACTS—DE-
PARTMENT OF LABOR AND INDUSTRY—JURISDICTION.

> That hospital did not consider services to injured employee rendered in consequence of contractual undertaking of insurer which procured patient's admission, *held,* indicated by fact that bills were rendered to employer rather than insurer and fact that hospital submitted a claim under workmen's compensation act, received and retained award thereon and department of labor and industry is without jurisdiction to enforce such contractual claims.

Appeal from Saginaw; Martin (William H.), J. Submitted January 10, 1935. (Docket No. 51, Calendar No. 37,457.) Decided March 5, 1935. Rehearing denied April 11, 1935.

Assumpsit in justice's court by the Saginaw General Hospital, a Michigan corporation, against the Ocean Accident & Guarantee Corporation, Ltd., of London, England, for services rendered to Edgar Steelman, an employee of Saginaw Prospecting Company, one of its assureds. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Reversed.

*Cook & Cook,* for plaintiff.

*H. Monroe Stanton,* for defendant.

NORTH, J. This is a suit in assumpsit in which plaintiff seeks recovery for services rendered to a Mr. Edgar Steelman. This man was injured while in the employ of the Saginaw Prospecting Company which carried industrial accident insurance with the defendant, Ocean Accident & Guarantee Corporation, Ltd. Plaintiff in a nonjury trial had judgment and defendant, first having obtained leave, has appealed.

A Mr. McClure, as an investigator and adjuster for defendant, made an investigation for the purpose of ascertaining Mr. Steelman's condition and whether it resulted from an industrial accident. He found Mr. Steelman's condition serious and directed his personal physician, Dr. Yntema, as the latter testified, to send the patient to a hospital for the purpose of "determining the nature and extent of the patient's condition and to do what we thought was necessary." Thereupon the doctor arranged with the plaintiff for Steelman's admission to the hospital. Plaintiff's hospital records were received in evidence. From these it appears that plaintiff was advised at the time Mr. Steelman was received as a patient he was by occupation an "oil field man" and that the case was a compensation case for which the Saginaw Prospecting Company was to pay. Fern Deurr was a general clerk and bookkeeper for plaintiff at the time Steelman became a hospital patient. It was with her that Dr. Yntema made his arrangement before Mr. Steelman entered the hospital and she testified that she knew it was an insurance or compensation case and "that the compensation law provides that hospital bills will not be paid after 90 days after the accident."

It is plaintiff's theory that defendant became legally obligated to pay for the hospitalization of Steelman because of the arrangement made for his admission to the hospital through Dr. Yntema under the direction of defendant's adjuster, McClure. In this connection it should be noted that the undisputed testimony is that McClure's authority to arrange for the hospitalization of an insured's injured employee was limited to the 90-day period immediately following the accident. Also that incident to an application for compensation by Steelman a

claim for hospitalization by plaintiff for the statutory 90-day period (2 Comp. Laws 1929, § 8420) was submitted and allowed in the amount of $256.50. This item was paid by defendant to plaintiff. Steelman was injured December 19, 1929; he entered the hospital January 22, 1930; and was discharged April 27, 1930. The total charge for services rendered was $618.90. Deducting the amount awarded in the compensation proceedings, the unpaid balance is $362.40. There is testimony that of this latter item $131.50 is for services rendered during the first 90-day period after the accident and which was not recovered in the award made.

In cases wherein an employer or the insurer carrying the industrial risk contracts for hospitalization for an injured employee recovery therefor may be had in assumpsit. *Hodgen* v. *Bitely,* 239 Mich. 516. But entirely apart from either express or implied contractual liability therefor, the employer has the statutory liability during the first 90 days after the injury of furnishing to the injured employee reasonable medical, surgical and hospital services and medicines when needed. 2 Comp. Laws 1929, § 8420.

Plaintiff submitted its claim for services rendered during the first 90 days and received an award therefor in the amount of $256.50. That was an adjudication by which plaintiff is bound. Plaintiff would nullify the defense of *res judicata* as to this portion of its claim by urging that plaintiff was not a party to the compensation proceedings. Technically this may be true, but it is not controlling. Insofar as the compensation proceedings involved a hearing and determination of plaintiff's claim for hospitalization during the first 90-day period, it was a proceeding prosecuted for and in behalf of plain-

tiff (*Munson* v. *Christie, ante,* 94), and having accepted and retained payment of the amount awarded, plaintiff cannot now be heard to disavow the adjudication. As to services rendered during the 90-day period the award of $256.50 was a final adjudication by which plaintiff is bound. *American Life Ins. Co.* v. *Balmer,* 238 Mich. 580; *Besonen* v. *Campbell,* 243 Mich. 209.

It follows that the most for which recovery could be had by plaintiff in assumpsit would be for services rendered after the expiration of the first 90-day period. Under plaintiff's testimony this would be $230.90. Plaintiff asserts its right to recover for such services not only on the ground of contract as hereinbefore indicated, but also on the theory that the patient was received into the hospital by plaintiff at the request of defendant's agent and that at no time thereafter did defendant or its agent notify plaintiff that it would no longer be responsible for services rendered the patient. Since, as hereinafter noted, the patient was received with full knowledge on the part of plaintiff that it was a compensation case and the statutory liability was limited to the 90 days next ensuing the accident, there was no duty on the part of defendant or its agent to give a further or subsequent notice of termination of its liability or of limitation of the authority of defendant's agent who arranged with the hospital for the patient's being admitted. There is nothing in the testimony justifying the inference that Dr. Yntema's authority as an agent was any greater than that of Mr. McClure at whose direction the doctor arranged with the hospital to receive the injured employee; and the limitation of McClure's authority, as shown by the undisputed testimony, is hereinbefore noted.

Plaintiff further urges the patient's condition was such that it was not possible without endangering his life or health to remove him from the hospital prior to the date of his release, April 27, 1930, and therefore defendant's liability continued. As to this phase of the case plaintiff cites and relies much upon *St. Barnabas Hospital* v. *Minneapolis International Electric Co.,* 68 Minn. 254 (70 N. W. 1126, 40 L. R. A. 388); *Page* v. *Thomas* (Tex. Civ. App.), 47 S. W. (2d) 894; *Omaha General Hospital* v. *Strehlow,* 96 Neb. 308 (147 N. W. 846) and *McDonald* v. *Railroad Co.,* 227 Mich. 579. These decisions, we think, are not controlling of the instant case but instead are distinguishable therefrom. In this case the testimony discloses that the only authority defendant's agent had to arrange for hospital services was limited to the 90-day period, and further that all parties concerned knew at the time that this injured employee was being received by plaintiff hospital under the compensation law and that the limit of the period of liability was 90 days. Plaintiff's employee who arranged for this patient's coming to the hospital so testified. In none of the cases just above cited is this circumstance presented. None of them involves a similar provision of a compensation law. To refuse to limit liability to the 90-day statutory period is to entirely nullify the statute. The result would be that every employer who in compliance with his statutory duty placed an injured employee in a hospital would thereby become liable for hospitalization for an indefinite period in the event the employee's physical condition prevented his removal. Such a construction would be in direct contravention of the express terms of the statute and is not sustainable. Not only does the uncontradicted testimony limit the

power of defendant's agent to contracting for hospitalization during the statutory 90-day period; but we fail to find in the record testimony which discloses that defendant was bound by either an express or an implied contract to pay plaintiff for services rendered to Steelman beyond the 90-day period during which the obligation was imposed by the workmen's compensation act. It is a fair inference from the testimony that plaintiff so understood the situation, because it rendered all its bills for services to Steelman to the Saginaw Prospecting Company by which he was employed, rather than sending the same to the defendant from whom it is now seeking pay. While it is not stressed at all in the briefs, if plaintiff construed the obligation to be primarily one of the insured Saginaw Prospecting Company, liability of the defendant herein would then depend upon the terms of its insurance policy of which there is no proof, although the briefs admit it was to protect the employer "from any liability arising out of the Michigan workmen's compensation act." Another circumstance indicates quite plainly that the hospital did not consider the services were rendered in consequence of a contractual undertaking or obligation of the defendant insurance company. Under the testimony if the insurer was liable to plaintiff by reason of an express or implied contract, clearly such liability covered all of the services rendered by plaintiff. Notwithstanding this plaintiff submitted a claim under the workmen's compensation act on the theory that the employer was liable for the services rendered and, as noted above, received and retained an award for services rendered during the first 90-day period. If such services were rendered in consequence of a, contract between the hospital and the insurance

company (as plaintiff now claims) the department of labor and industry was without jurisdiction to enforce such contractual obligation.

Judgment must be reversed for the reason that plaintiff has not established a right to recover from the defendant for services which it rendered to Steelman. The case will be remanded to the circuit court, the judgment heretofore entered vacated, and judgment entered in accordance herewith. The defendant will have costs of both courts.

POTTER, C. J., and NELSON SHARPE, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with NORTH, J. WIEST, J., concurred in the result.