MAYOR AND CITY COMMISSIONERS OF THE CITY OF
JERSEY CITY, A MUNICIPAL CORPORATION, PLAIN-
TIFFS-RESPONDENTS, v. HUDSON COUNTY NATONAL
BANK, DEFENDANT-APPELLANT.

Submitted January 31, 1936—Decided July 15, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *McDermott, Enright & Carpenter* (*Charles B. Collins,* of counsel).

For the respondents, *James A. Hamill* (*Frank P. McCarthy,* of counsel).

The opinion of the court was delivered by

HEHER, J.   Plaintiff sued on a book account for medical and hospital services furnished one of defendant's employes, who, apparently, suffered injury by an accident which arose out of and in the course of his employment.   Concededly, there was no undertaking by the defendant employer to pay the value of the service thus rendered;   and the theory advanced is that liability therefor is created by paragraph 14 of section II of the Workmen's Compensation act of 1911, as amended by chapter 149 of the laws of 1928.   *Pamph. L.* 1911, *p.* 134;   *Pamph. L.* 1928, *p.* 300.

There was evidence tending to show that the employer, through its representative, early had knowledge of the injury and of the need of hospitalization;   but it is undisputed that such treatment was not authorized by it.   Where the employer does not undertake to furnish the requisite hospital service, jurisdiction to compel him to assume the payment of the expense thus incurred is vested by the statute in the compensation bureau.   The statute defines the rights and duties of the employer and employe *inter se;* and it does not vest in a third party who provides surgical, medical or hospital service, a right of action against the employer for the value thereof. Here there was no contractual undertaking by the employer to pay for this service, and therefore the action is not maintainable.   Plaintiff was not a party to the contract springing from the mutual assent of the employer and employe to the terms laid down in the statute.   On the evidence adduced, the motion for a nonsuit should have been granted.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion;   costs to abide the event.