**66 P.(2d) 992**

### JOHNSON v. ARMSTRONG & ARMSTRONG et al.

#### No. 4170.

Supreme Court of New Mexico.

March 30, 1937.

George A. Shipley, of Alamogordo, for appellant.

Hurd & Crile, of Roswell, for appellees.

BRICE, Justice.

The appellant was plaintiff below and will be so referred to in this opinion. The appellees Armstrong & Armstrong will be referred to as the employers; the appellee United States Fidelity & Guaranty Company as insurer; and Willie Bartlett, deceased, as employee.

The facts alleged by plaintiff include the following: The plaintiff is a physician and surgeon and maintains a hospital. The employers are contractors for the construction of roads, highways, etc. The insurer is a corporation authorized to do business in New Mexico, and had insured the employers, as required by the New Mexico Workmen's Compensation Act (Comp.St.1929, § 156-101 et seq.), for the protection of their employees. On the 4th of August, 1934, the employee was employed by employers and while engaged in the duties of his employment received injuries of a serious nature, and was taken by the agent of the employers to plaintiff's hospital for treatment. The plaintiff amputated the employee's legs and otherwise treated him until he died. The value of his services therefor was $310.

That Clara Bartlett, widow of the deceased, brought an action against the employers and the insurer for compensation under the Workmen's Compensation Act of New Mexico, which was settled by an agreed judgment based upon a stipulation filed in that cause. That one of the terms of the stipulation was as follows:

"That in addition to the compensation herein provided for, the defendant shall pay medical and surgical treatment of the deceased due to the injuries received in said collision, not to exceed the sum provided by law, to-wit, $350.00."

Plaintiff also prayed for $125 attorney's fees.

As we read the employers' answer, it admits liability for reasonable surgical and medical treatment, not to exceed $350, and

alleges that plaintiff had been paid $112.50 on such account, by the insurer; and denies that they owe any attorney's fees. The insurer admits that it issued a liability policy to the employers under the Workmen's Compensation Act, but claims that its liability is secondary and not primary. It denies its liability for the sum of $350, "but admits its responsibility to indemnify its principal herein for reasonable surgical attention." It denies that the operation was performed on the employee, as stated in plaintiff's complaint, and denies that the services were worth $310.

By way of new matter, it alleges that it had paid the plaintiff $112.50, which was tendered in full settlement of all services, and that it had been accepted in full settlement by the plaintiff.

The cause came on later for trial and the employers and the insurer filed a joint pleading denominated "A Plea to the Jurisdiction of the Court," in which it was alleged that the plaintiff had not legal capacity to sue, and the court had no jurisdiction to render judgment in behalf of the plaintiff "under and by virtue of chapter 105, §§.411 and 415, 1929 Code," because the Workmen's Compensation Act "is for the exclusive benefit of workmen and their dependents." The effect of such plea is that the New Mexico Workmen's Compensation Act is for the benefit of employees and that it does not give the right to a physician or surgeon to bring a suit for medical or surgical attention against an employer or his surety. This plea was sustained and the proceeding dismissed. The

plaintiff asked permission to amend his complaint by interlining the following:

"That the services herein rendered and the services sued for herein were performed, and the operation herein performed was at the request of the employer, Armstrong & Armstrong."

This the court refused because "the complaint upon its face was based upon the Employer's Liability Act."

There are certain features of the pleadings which we will refer to in greater detail.

It is stated in paragraph 7 of the complaint:

"That heretofore, to-wit, on or about the 4 day of August, 1934, the aforesaid Willie Bartlett, while engaged in driving a truck for the defendant Armstrong & Armstrong, and hauling gravel to be used in the construction of the aforesaid highway and overpass at or near Carrizozo, New Mexico, received injuries of a serious character, to his legs and body; and was immediately taken, by the agent of said Armstrong & Armstrong, to the hospital of the plaintiff for emergency treatment and operation by the plaintiff. That said Willie Bartlett was so injured in an accident arising out of and in the course of his employment by the defendant Armstrong & Armstrong, as aforesaid."

The employers in answering this paragraph denied that the injury arose out of and in the course of, or as a result of, deceased's employment, and denied that the

reasonable value of plaintiff's services was $310, but denied none of the other allegations quoted. They did not deny that they had stipulated to pay for the medical and surgical treatment which had already been furnished, nor did they deny the following allegation from paragraph 9 of the complaint:

"That the aforesaid sum of $310.00 is due to the plaintiff from the defendants, and that due demand has been made for payment thereof; and payment has been refused.

"That the sum herein sued for is a part of the compensation required by law to be paid by the defendants by reason of the aforesaid injuries to the said Willie Bartlett."

We have, then, a charge that the employee was injured in the course of his employment; that the agent of the employers took him to plaintiff's hospital for treatment; that the employers were required by statute to furnish such treatment; that they agreed with the beneficiaries to pay such medical and surgical service; that the insurer had paid $112.50 on such medical and surgical services.

■ The general rule is that where a person calls a physician to render professional services to a third person there is no legal obligation upon him to pay for it unless his relations to such person imports an obligation to pay therefor. 21 R.C.L. 412.

■ No provision is made by the Workmen's Compensation Act for compensating physicians and surgeons for services in caring for injured employees. They must protect themselves under the common-law rules. Ferren v. Warren Co., 124 Me. 32, 125 A. 392; Noer v. Jones Lumber Co., 170 Wis. 419, 175 N.W. 784; St. Mary's Academy v. Railways Ice Co., 138 Kan. 340, 26 P.(2d) 278; Mayor, etc., of Jersey City v. Hudson County Nat. Bank, 116 N.J.Law, 593, 186 A. 33.

■ That part of section 156-118, N.M. Sts.1929, which is as follows, "After injury, and continuing so long as medical or surgical attention is reasonably necessary, the employer shall furnish all reasonable surgical, medical and hospital services and medicine, not to exceed the sum of three hundred fifty ($350.00) dollars, unless the workman refuses to allow them to be furnished by the employer," imports more than a mere passive willingness or duty to furnish medical and surgical aid when called upon. It allows the employer to select his own physicians and surgeons for the care of his injured employees, but imports that arrangements should be made in advance, or that some one should be at hand in authority to provide medical and surgical care in cases of emergency like the one here considered. Case of Ripley, 229 Mass. 302, 118 N.E. 638; In re Panasuk (In re American, etc., Co.), 217 Mass. 589, 105 N.E. 368.

■ But the fact that plaintiff alleged an agent of the employers directed the taking of the employee to plaintiff's hospital for treatment; that liability was not de-

nied, except it was denied that the employee was injured in the course of his employment; that insurer admitted it had paid a portion of plaintiff's bill which it claimed was accepted in full settlement; are circumstances to be considered, which, in the absence of any denial of the authority of such agent, authorized the court to infer that he acted within the scope of his authority in sending the employee to plaintiff's hospital for surgical and medical treatment at the charge of the employers. The following cases are relevant: Case of Ripley, 229 Mass. 302, 118 N.E. 638; Collins v. Joyce, 146 Minn. 233, 178 N.W. 503; Swift & Co. v. Industrial Comm., 288 Ill. 132, 123 N.E. 267; State Hospital v. Lehigh Valley Coal Co., 267 Pa. 474, 110 A. 255; Hodgen v. Bitely et al., 239 Mich. 516, 215 N.W. 37.

But there is another feature of this case that renders the employer and the insurer liable for these medical and surgical services. They entered into a stipulation with the insured's beneficiaries in which they agreed, as a part of the consideration in the settlement of the compensation suit, to pay the medical and surgical services rendered the employee. There was no other medical and surgical service rendered than that by plaintiff. The promise to pay the medical and surgical services was a contract for the benefit of a third person (the plaintiff). Whether such services were owed by the estate of the employee or could have been enforced against the promisor is immaterial. It was a part of the settlement of the compensation. Whether plaintiff is a donee beneficiary (2 Williston on Contracts [Revised Ed.] § 357) or a contract beneficiary (do. § 361) (and he is one or the other) an action lies against the promisor (employer) by the beneficiary (plaintiff) to recover the amount promised. These views are expressed in Restatement of the Law of Contracts, §§ 133 and 136. Also see Williston on Contracts (Revised Ed.), title "Contracts for the Benefit of Third Persons," c. XIV, beginning at page 1029, and the same title under c. LXXIII, Page on The Law of Contracts, and c. 6, Restatement of the Law of Contracts; where the subject is fully treated. While the plaintiff was not named specifically as the beneficiary, the pleadings show clearly there was no other person except plaintiff entitled to pay for medical and surgical services. We think the better rule is that a contract made upon a valid consideration between two or more parties for the benefit of a third may be enforced by such third party if he accepts it after it is made, though he is not named in the contract or may not have known of it at the time. Beattie Mfg. Co. v. Clark et al., 208 Mo. 89, 106 S.W. 29; Burton v. Larkin, 36 Kan. 246, 13 P. 398, 59 Am.Rep. 541; Weld v. Carey, 122 Kan. 666, 253 P. 235.

If it be said that an acceptance by the plaintiff of the benefit of the contract was necessary to create liability, the answer is the bringing of this action was a sufficient acceptance. Whitehead v. Bur-

gess, 61 N.J.Law, 75, 38 A. 802; 4 Page on Law of Contracts, § 2392; Tweeddale v. Tweeddale, 116 Wis. 517, 93 N.W. 440, 61 L.R.A. 509, 96 Am.St.Rep. 1003; Gilbert Paper Co. v. Whiting Paper Co., 123 Wis. 472, 102 N.W. 20.

The pleading entitled "Plea to the Jurisdiction" should have been overruled. The court had jurisdiction of the person and the subject-matter of the suit. At most, the plea was a demurrer upon the ground that the complaint was based on an assumed right to recover for services and hospitalization claimed to have been performed and furnished by authority of the Workmen's Compensation Act, and that the act provided no right or remedy in favor of those furnishing such services, etc., to injured employees. The fact that he had no cause of action by virtue of any provision of that act did not deprive him of his common-law remedies. Some of the allegations of the complaint indicate he was suing on a supposed statutory liability; but be that is it may, he, in a meager way (supplemented by the pleadings of the employer and insurer), has pleaded a common-law action against the employers; and as the insurer admits its secondary liability, also against it.

Plaintiff is not entitled to recover attorney's fees, though this question is not raised in the "Plea to the Jurisdiction of the Court."

The cause will be reversed and remanded to the district court with instructions to permit the parties to amend their pleadings as they may be advised, and proceed with the trial of the case consistent with this opinion.

It is so ordered.

SADLER, BICKLEY, and ZINN, JJ., concur.

HUDSPETH, C. J., did not participate.