81 P.2d 1061

**ROLLIE v. DYSART.**

No. 4363.

Supreme Court of New Mexico.

July 20, 1938.

M. J. McGuinness, of Albuquerque, and M. G. Macneil, of Los Angeles, Cal., for appellant.

HUDSPETH, Chief Justice.

Appellant seeks to have a judgment in favor of Allen Rollie, an undertaker, for ambulance and embalming services set aside. These services were rendered by appellee upon the request of appellant's employee, foreman of the carpenter work in connection with the drilling of oil wells where deceased was employed as a carpenter. As a result of the death of appellant's employee a judgment was entered in favor of the widow of deceased, which included an item of $125 for funeral expenses, the maximum amount allowed for funeral expenses under the Workmen's Compensation Act, sec. 156-117, 1929 N.M.Comp.Sts. Anno., affirmed in Christensen v. Dysart, 42 N.M. 107, 76 P.2d 1.

After deceased was taken to Gallup and embalmed by appellee, appellant returned from California and caused X-ray pictures to be taken of the body. There was conversation between appellant and appellee regarding the handling of the body and preparing it for shipment to California, but no agreement was reached. Appellee testified:

"Q. Did she bind herself to pay the bill? A. No, sir.

"Q. Did you ever ask her? A. No, sir; it would have been cash. I wouldn't have trusted her for the account. She owed me

an old account. We never did get to the point of a conditional sales contract or anything else."

After the body was taken to a hospital and X-rayed a controversy arose between appellant and appellee and appellant denied all responsibility and refused to pay for the services. The court, basing its conclusion upon Johnson v. Armstrong & Armstrong, 41 N.M. 206, 66 P.2d 992, held as a matter of law that appellant was liable for the charges made for the ambulance call and the embalming of the body of deceased. The court erred in so holding.

The case of Johnson v. Armstrong & Armstrong, supra, deals with a claim for emergency medical and hospital care and holds that sec. 156-118, 1929 N.M.Comp.Sts. Anno., imports that arrangements should be made in advance or that some one should be at hand in authority to provide medical and surgical care to employees in cases of emergency. The services rendered in the instant case, however, were not rendered in case of emergency, and authorities holding that an agent, servant or foreman has implied authority to employ the services of a physician or surgeon are not in point. That the death of a person so employed creates no such emergency, see A. V. Wills & Sons v. Irby, 158 Ark. 52, 249 S.W. 562, 29 A.L.R. 453, 457 note.

Appellant did not ratify the acts of her foreman in express words or by implication under the facts found by the court. Since there was no express authority for her foreman to make such a contract, and the implication of such authority, if it existed at all, must rest upon an emergency, and there was in fact no emergency, she cannot as a matter of law be held obligated to pay the claim of appellee.

For the foregoing reasons the judgment of the district court should be reversed, and it is so ordered.

SADLER, BICKLEY, and BRICE, JJ., concur.

ZINN, J., did not participate.