296 P.2d 476

J. Hampton HOGE, Leo V. Killion, Michael R. Panelli, and the State Compensation Insurance Fund, Appellants,

v.

FARMERS MARKET AND SUPPLY COMPANY OF LAS CRUCES, Inc., Defendant-Appellee,

and

Farmers Market Trucking Company, Inc., Defendant.

No. 5967.

Supreme Court of New Mexico.

April 18, 1956.

Garland & Sanders, James T. Martin, Jr., Las Cruces, for appellants.

J. D. Weir, L. J. Maveety, Las Cruces, for appellee.

KIKER, Justice.

This suit is upon a promissory note executed and delivered to plaintiffs by Farmers Market Trucking Company, Inc., hereinafter called Trucking Co. J. W. Taylor was secretary-treasurer of Trucking Co. and held the same office in Farmers Market and Supply Company of Las Cruces, Inc. M. D. Bostick was president of both corporations.

The time came when Taylor desired to dispose of his stock in Trucking Co. and Bostick desired to dispose of his stock in Market Co. In consequence, there was executed and delivered an agreement over the signatures of both individuals and both corporations.

The agreement became a part of the record proper by being attached, in full, to defendant's answer. By this agreement, Market Co. assumed and promised to pay three certain promissory notes owing by Trucking Co. to designated creditors; also to discharge open accounts owing by Trucking Co. to Market Co. totalling $21,672. There is attached to the contract an "Exhibit A" showing accounts totalling $30,278.49. The only reference in the agreement to this exhibit is found in paragraph 2(e) thereof which reads:

"To assume, pay off and discharge any *further* or *additional* obligations and indebtedness owing by Farmers Market Trucking Co. as of Aug. 1, 1952 other than appears on or is specified in itemized list of accounts payable of said Farmers Market Trucking Co., marked Exhibit A, attached hereto and made a part hereof." (Emphasis ours.)

Upon final consummation of the agreement, Bostick was to receive $3,000 and take over Taylor's stock in Trucking Co. and then Taylor was to have Bostick's stock in Market Co.

As between Taylor and Bostick the agreement seems to have been kept and performed fully. Trucking Co. apparently moved its operations to El Paso, Texas.

After plaintiffs' note was due, suit was filed. Trucking Co. entered no appearance in the court below and does not appear here. Plaintiffs pleaded the substance of the paragraph above quoted from the agreement; and that their note was owing, though not due, when the agreement was made, so claiming the right to recover from Market Co. Defendant, Market Co., by answer, joined issue, pleading among other things that it was never the intention of the parties that Market Co. should assume, pay off and discharge the note in suit.

Plaintiffs offered the note and contract in evidence and, after both were admitted, rested. Thereupon, defendant offered proof of the intention of the parties when contracting. Plaintiffs strenuously objected, urging that defendant's attempt was to change, vary and modify, by parol evidence, the clear and unambiguous terms of a written agreement.

■ In support of the proposition that, where the terms of an agreement are plainly stated, without ambiguity, the intention of the parties must be ascertained from the language used, and that parol evidence is, in that situation, wholly inadmissible, plaintiff cites the following cases: Fuller v. Crocker, 44 N.M. 499, 105 P.2d 472; E. I. DuPont De Nemours & Co. v. Claiborne-

Reno Co., 8 Cir., 64 F.2d 224, 89 A.L.R. 238; Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718; Pople v. Orekar, 22 N.M. 307, 161 P. 1110; Alford v. Rowell, 44 N.M. 392, 103 P.2d 119; and others, but we consider the point so well established as a legal principle that citation of authority is not really necessary.

Market Co., appellee, argues that consideration of this contract must take in the entire contract as a whole and not a mere sentence or isolated paragraph and cites Colorado Telephone Co. v. Fields, 15 N.M. 431, 110 P. 571, 30 L.R.A.,N.S., 1088, in support of that proposition; also Franciscan Hotel Co. v. Albuquerque Hotel Co., supra.

■ As we have indicated previously, we agree with appellant as to the requirement of the law that the meaning of the contract, if it can be done, must be ascertained from a consideration of the contract itself; that parol evidence will never be taken as to the intent of the parties unless there is uncertainty and ambiguity in the contract. We now agree with appellee that a single sentence or paragraph may not be selected as the entire dependence for the determination that a contract is clear and plain as to its meaning, or that it is uncertain, indefinite and ambiguous.

■ Considering the contract involved in this case as a whole, and not depending upon paragraph 2(e) solely, the following questions seem to arise: Did Trucking Co. have outstanding more than three promissory notes? If it did have, why was it that only three promissory notes were mentioned for payment by Market Co., as shown by paragraphs 2(a), 2(b), and 2(c)? If Trucking Co. owed other promissory notes, by whom was it intended by the parties that they were to be paid? Who was to pay and discharge the open accounts mentioned in Exhibit A to the contract? What was to become of these accounts?

There is no direct answer in the contract to any of the questions just stated.

Paragraph 2(e) is, in its language, to say the least, confusing. It binds Market Co. to pay off and discharge any further or additional obligations and indebtedness of Trucking Co. other than the open accounts mentioned in Exhibit A. As we view the matter, that language might have been intended, by its own terms and considering nothing else, to bind Market Co. to pay off and discharge all accounts listed on Exhibit A and any further and additional obligations. The language might also mean that, considering the contract only, Market Co. would not pay the accounts shown on Exhibit A and would pay any other accounts outstanding and owing by Trucking Co.

The contract is peculiar in that, as to certain promissory notes and discharge of the account owing to Market Co., the contract is definite and certain on the subject of what Market Co. agrees and assumes to pay and discharge but is not definite and certain as to any open accounts.

If the contract is to be interpreted as appellants have contended throughout, the

obligations thereof could have been well stated in a single paragraph providing that Market Co. would assume, pay and discharge all promissory notes and all debts and accounts of every kind and character except, perhaps, the open accounts listed on Exhibit A. This is the meaning which appellants give to the contract. Appellee contends to the contrary that it was the intention of the parties, by the use of the language found in the agreement, that Market Co. would assume, pay and discharge three promissory notes and no more; that Market Co. would remit and discharge open accounts owing by Trucking Co. to Market Co.; that Market Co. was not bound to pay the open accounts listed on Exhibit A, but was bound to pay any open accounts owing by Trucking Co. that might later come to the knowledge of the parties; and that, at the full consummation of the agreement, Market Co. would pay to Bostick $3,000 and take over his stock. It is not clear to us from a consideration of the contract itself that either party is entirely correct in its appraisal of the agreement.

We think the contract is ambiguous and requires explanation. Curiosity would compel us to inquire why the contract places a positive burden upon Market Co. as to three notes and certain accounts owing to itself and why, in paragraph 2(e), it places an unknown burden, if it does, upon Market Co. If that is its meaning, the same curiosity would compel us to inquire why, if Market Co. was to take over all obligations of Trucking Co., or even all except those listed on Exhibit A, it was necessary to write the contract in its present form.

While we do not wish to appear critical, we cannot speak in highly complimentary terms of the form of this particular contract.

We hold that the trial judge was correct in taking testimony to show the true intent of the parties to the contract as to the indebtedness to be assumed and paid by Market Co.

■■ The third proposition relied upon by appellants, holders of the note in suit, for reversal is that one would be bound by an agreement supported by consideration to assume and pay the debts of another and this obligation is enforceable by third party beneficiaries under such contracts.

Appellants submit in support of this proposition the following cases: Johnson v. Armstrong & Armstrong, 41 N.M. 206, 66 P.2d 992; Lawrence Coal Company v. Shanklin, 25 N.M. 404, 183 P. 435; Fuqua v. Trego, 47 N.M. 34, 133 P.2d 344; Rankin v. Ridge, 53 N.M. 33, 201 P.2d 359, 7 A.L.R.2d 510; Concrete Steel Co. v. Illinois Surety Co., 163 Wis. 41, 157 N.W. 543; Note to 81 A.L.R. 1279; 17 C.J.S., Contracts, § 582, p. 1220; 12 Am.Jur. 825.

Appellee, Market Co., admits the legal proposition stated by appellants but urges that appellants, creditors, are not shown in any way to be third parties included within

the terms of the agreement or intended by the parties to the agreement when it was written so to be.

Appellee urges that one claiming to be a third party beneficiary of an agreement made by others has the burden of proving that he was intended by the makers of the agreement to be such beneficiary, either individually or as a member of a class of beneficiaries; and that neither the agreement nor the evidence shows that appellants were intended as beneficiaries of the agreement. Appellee cites the following authorities in support of this proposition: Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290; Phez Co. v. Salem Fruit Union, 113 Or. 398, 233 P. 547; 12 Am.Jur. 812; Wasson v. O'Gara Coal Co., 7 Cir., 199 F. 770; Mercantile National Bank at Dallas v. McCullough Tool Co., Tex.Civ.App., 250 S.W.2d 870; In re Conay's Estate, Sur., 121 N.Y.S.2d 481.

We think that each of the parties has correctly stated a proposition of law under the point submitted by appellants. It is undoubtedly true that a contract may be made by two or more people so that a third party or third parties will be beneficiaries of the agreement. It is likewise true that one who claims to be such beneficiary must show, either from the contract itself or from evidence, that he is the beneficiary intended by the parties or is a member of a class of beneficiaries intended by the parties. This proposition of law is not only supported by the authorities cited by appellee in this connection, but it is also an established doctrine in the State of New Mexico, declared in McDonald v. Mazon, 23 N.M. 439, 168 P. 1069. In that case the appellee claimed to be a beneficiary under a resolution of a corporation to assume certain debts of another with whom it was dealing. We quote therefrom at page 447 of 23 N.M., at page 1072 of 168 P.:

"If it be assumed that the language used in the resolution was simply ambiguous and might have been explained by parol evidence, nevertheless the evidence offered by appellees failed to give meaning to the language or to explain away the ambiguity. The burden was upon the appellee to establish the fact that the corporation had assumed the payment of this particular debt. This burden he failed to meet, and for this reason the trial court was in error in awarding judgment against the Mazon Estate, Incorporated. There was no error in giving appellee judgment against appellant Leopoldo Mazon, as the facts clearly establish his individual liability on the note."

We have stated above that the court did not commit error in admitting testimony as to the intention of the parties at the time of making the contract and in the use of the language actually employed in the agreement. We have not spoken of error and do not do so now as to the admissibility of any particular question. The appellants

have made no point on this appeal of the admissibility of any particular question. They merely contended that no evidence was admissible in the case and that, no evidence being admissible, the court erroneously made certain findings.

If objections to some of the questions asked should have been sustained there was still sufficient testimony in the record to support the findings and conclusions of the court. Both Mr. Taylor and Mr. Bostick testified, as did others to whose testimony we do not ascribe any great importance. Both Mr. Bostick and Mr. Taylor, the makers of the contract for the corporations, testified in substance that it was the intention of the parties by the language used in the contract that Market Co. would pay and discharge the three promissory notes mentioned in the agreement and no other notes owing by Trucking Co.; that it would forgive the indebtedness of Trucking Co. on open accounts then owing to itself; that Trucking Co. would pay the accounts listed on Exhibit A; and that, inasmuch as drivers for Trucking Co. were compelled, here and there to incur indebtedness in behalf of Trucking Co., Market Co. would assume and pay, other than the accounts listed on Exhibit A, any open accounts owing by Trucking Co. which were not determinable at the time of the contract.

The evidence properly admitted in the case is sufficient to support the findings of fact made by the trial court, and the conclusions of law made by the trial court naturally, properly and correctly follow from the findings of fact made.

The judgment of the lower court should be and is hereby affirmed.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.