597 P.2d 314

Robert J. SCHAEFER, James F. DeShon, Katherine Schnidt and Geneva Still, Plaintiffs-Appellants,

v.

Gene E. HINKLE and First National Bank in Albuquerque, as Trustee, Defendants-Appellees.

No. 12106.

Supreme Court of New Mexico.

June 20, 1979.

Wollen & Segal, Sylvain Segal, Jr., Albuquerque, for plaintiffs-appellants.

Sutin, Thayer & Browne, Jonathan B. Sutin, Marianne Woodard, Albuquerque, for defendants-appellees.

## OPINION

SOSA, Chief Justice.

The issue presented in this appeal is whether the trial court erred in concluding that plaintiffs' interests in Montgomery-Eubank, Ltd., terminated when they left the Hinkle Corporation. We find no error.

Plaintiffs brought this action in the District Court of Bernalillo County seeking a judgment declaring that they are limited partners in Montgomery-Eubank Company, Ltd. Following a hearing, the court granted defendant's motion for summary judgment and dismissed the complaint. Plaintiffs appeal. We affirm.

On July 31, 1975, plaintiffs, as limited partners, and defendant Hinkle, as general partner (hereinafter referred to as defendant), entered into a limited partnership agreement (Agreement) of Montgomery-Eubank, Ltd. Defendant was president and director of Walker & Hinkle, Inc., a New Mexico corporation engaged in the real estate brokerage business. Plaintiffs were employees of this corporation. The Agreement recited the capital contributions of each plaintiff and the corresponding percentage of their respective partnership interests as follows:

| Schaefer | $4.00 | 4% |
| DeShon | 4.00 | 4% |
| Schnidt | 6.00 | 6% |
| Still | 4.00 | 4%. |

Hinkle's contribution to the capital of the partnership of $100 entitled him to 40% of the partnership's profits. Hinkle's interest in the partnership was owned by defendant First National Bank in Albuquerque as Trustee under a revocable *inter vivos* trust.

Article VII E of the Agreement provided:

If at any time during the first three years after the Effective Date, any of the Limited Partners shall for any reason no longer be employed by Walker & Hinkle, Inc., the General Partner may at his option purchase the entire limited partnership interest of that Limited Partner for a cash purchase price equal to $1 times the number of percentage points of Limited Partnership interest owned by the Limited Partnership, payable on or before 90 days after termination of employment.

On November 1, 1975, the principals of Walker & Hinkle, Inc., dissolved their affiliation. Plaintiffs terminated their employment with that corporation and became employed on December 1, 1975, by the Hinkle Corporation, which defendant had formed. Defendant took no action as general partner of the limited partnership upon dissolution of Walker & Hinkle, Inc., to terminate or purchase plaintiffs' limited partnership interest. Instead, defendant treated plaintiffs' employment with the Hinkle Corporation as a continuation of their previous employment.

Plaintiffs terminated their employment with the Hinkle Corporation within three years following the date of the Agreement. Still quit on December 15, 1975; Schaefer on October 15, 1976; DeShon on May 1, 1976; and Schnidt on November 30, 1976. Defendant subsequently filed Amended Certificates of Limited Partnership documenting his acquisition of plaintiffs' interests. Defendant alleged that he mailed Still a check for the amount of her capital contribution on April 1, 1976; she denies ever receiving the check. In March 1977 defendant mailed checks for the amount of their capital contributions to Schnidt, Schaefer, and DeShon. They refused tender of these checks.

Plaintiffs filed this action seeking a judgment declaring that they are entitled to retain their limited partnership interests in Montgomery-Eubank Company, Ltd. The court granted defendant's motion for summary judgment. The district court found that plaintiffs received their limited partnership interests purely as an inducement to continue their employment with Walker & Hinkle, Inc., beyond three years from the date of the Agreement. The court also found that each plaintiff understood that his or her partnership interest would be terminated if he or she left the Hinkle Corporation within three years from the date of the Agreement. The court concluded that plaintiffs' limited partnership interests terminated upon their leaving the Hinkle Corporation.

The issue in this case is resolved by a determination of whether or not defendant's right to acquire plaintiffs' limited partnership interests was conditioned upon his payment of the purchase price within a 90-day period. Plaintiffs argue that Article VII E required defendant to pay them the purchase price within 90 days after termination of their employment with Walker & Hinkle, Inc. Defendant counters that his right to acquire plaintiffs' interests was not conditioned upon payment of the purchase price within any 90-day period.

 

The function of the courts is to interpret and enforce a contract as made by the parties. *Woods v. Collins*, 87 N.M. 370, 533 P.2d 759 (Ct.App.1975), *cert. denied*, 87 N.M. 369, 533 P.2d 758 (1975). A contract will be considered and construed as a whole, with meaning and significance given to each part in its proper context, so as to ascertain the parties' intentions. *Schultz & Lindsay Construction Co. v. State*, 83 N.M. 534, 494 P.2d 612 (1972). The primary objective in construing a contract is to ascertain that intent. *Woods, supra*; *Schultz, supra*. *See also* 4 S. Williston, *A Treatise on the Law of Contracts* § 601 (3d ed. Jaeger 1961). Where a clause in the contract is ambiguous, the intent of the parties will be ascertained from the language used, the conduct of the parties, and the surrounding circumstances. *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.*, 84 N.M. 524, 505 P.2d 867 (Ct.App. 1972), *cert. denied*, 84 N.M. 512, 505 P.2d 855 (1972).

We find that, in the context of the entire partnership agreement, defendant's right to purchase plaintiffs' interests was not conditioned upon payment of the purchase price within any 90-day period. The "payable on or before 90 day" provision in Article VII E is merely a promise independent of defendant's right, rather than a condition.

Plaintiffs never denied that defendant had advised them throughout their employment with Walker & Hinkle, Inc., and with the Hinkle Corporation that their limited partnership interests would be terminated if they left employment within three years from July 31, 1975. Plaintiffs' strict and literal reading of Article VII E would require this Court to totally ignore the import of the three-year duration of employment provision. In addition, plaintiffs do not challenge the court's finding that they received their limited partnership interests purely as an inducement to continue their employment beyond three years from the date that they entered into the Agreement. The logical conclusion is that the parties intended that plaintiffs' interest would vest only if they remained employed by the Hinkle Corporation for three years from date of the Agreement. Plaintiffs failed to remain in said employment for the requisite three years.

We find that the circumstances surrounding the Agreement, the import of that Agreement as a whole, and the undisputed parol evidence of the parties show that defendant's right to acquire plaintiffs' interests was not conditioned upon payment of the purchase price within 90 days after termination of their employment with the Hinkle Corporation. We find that there was substantial evidence to support the trial court's findings and conclusions of law. The judgment of the court is therefore affirmed.

JOHN B. McMANUS, Jr., Senior Justice, and PAYNE, J., concur.