693 P.2d 587

PAPERCHASE PARTNERSHIP, Plaintiff-Appellant,

v.

Donald G. BRUCKNER, Elizabeth Bruckner, Ronald Bruckner, A & O Investments, a New Mexico Limited Partnership, Daniel P. Yu and Bernice Yu, Defendants-Appellees.

No. 15256.

Supreme Court of New Mexico.

Jan. 15, 1985.

Reginald C. Woodard, Albuquerque, for plaintiff-appellant.

Stephen P. Curtis, Elizabeth Sanchez, Melton & Puccini, P.A., Albuquerque, for defendants-appellees Bruckner and A & O Investments.

Manuel Garcia, Jr., Albuquerque, for defendants-appellees Yu.

## OPINION

WALTERS, Justice.

The trial court granted a summary judgment to defendants on plaintiff Paperchase Partnership's (Paperchase) suit for the balance due on a land sale contract or, alternatively, for return of the subject real property. Paperchase appeals and we affirm.

Paperchase in 1977 sold an apartment complex to Donald, Elizabeth and Ronald Bruckner (Bruckners) by a real estate contract containing a clause prohibiting assignment without consent. The contract provided for monthly payments on the purchase price by Bruckners and, in the event of non-payment, for forfeiture of the property or acceleration of the entire purchase price, at the seller's option.

In 1979, the Bruckners transferred their interest in the property to A & O Investments (A & O), and A & O subsequently transferred its interest to Daniel and Bernice Yu (Yus). Neither of these transfers was with the consent or approval of Paperchase.

All payments due under the original contract were made in a timely manner. In its suit Paperchase claimed, however, that there had been a default because the later transfers violated the non-assignment clause. Defendants argued below that these contracts were not assignments and the trial court agreed.

Paperchase contends on appeal that summary judgment was improper because it was necessary for the trial court to resolve issues of fact in order to interpret the meaning of "assignment" as used in the land contract. Summary judgment, of course, is improper when there exists a

genuine issue of material fact. The statute so recites. NMSA 1978, Civ.P.R. 56 (Repl. Pamp.1980). When a contract is ambiguous, as Paperchase contends this contract is, "the construction of the agreement depends on extrinsic facts and circumstances, and then the terms of the agreement become questions of fact." *Young v. Thomas*, 93 N.M. 677, 679, 604 P.2d 370, 372 (1979). But whether an ambiguity exists at all is a matter of law to be decided by the court, not by the factfinder. *Id.*

The paragraph in question reads as follows:

11. It is further understood and agreed that no assignment of this contract shall be valid unless the same be endorsed hereon and countersigned by the owner.

We agree with the district court that this clause is unambiguous.

According to the Restatement (Second) of Contracts, Section 328 (1979), unless a contrary intention appears from the language or the circumstances, an assignment of the contract is both an assignment of the assignor's rights and a delegation of his duties. But a provision prohibiting assignment of the contract bars only the delegation of duties. *Id.*, § 322. Consequently, in most cases, if there is no delegation of duties, there is no violation of the prohibition on assignment.

■ Promissory restraints by a vendor on the interest of the vendee in land contracts are primarily security devices designed to make more certain the payment of the purchase price and often "it is important to the vendor that the particular individual be kept in contact with the land as an inducement to performance of his obligations." Restatement of Property, § 416 (1944), comment a. Even though the vendee has assigned the contract without the vendor's consent, however, if the assignee fully performs the vendee's duties under the contract, the assignee may demand specific performance by the vendor. *Gunsch v. Gunsch*, 71 N.W.2d 623 (N.D. 1955); *Cheney v. Bilby*, 74 F. 52 (8th Cir.), *cert. denied*, 164 U.S. 705, 17 S.Ct. 992, 41 L.Ed. 1180 (1896). But until that time, the vendor is not required to recognize the assignee, nor to rely on him for payment of installments toward the purchase price. *Coraci v. Noack*, 61 Wis.2d 183, 212 N.W.2d 164 (1973).

Once the meaning of and the reason for the prohibition on assignments is determined, we look to see whether the later transfers in this case violated that prohibition. There is no dispute regarding the performance by the parties under the terms of the various contracts. The question is merely the effect, if any, of those later transfers on the legal rights and duties of Paperchase and the Bruckners under the original contract.

"If the facts of a case are not in dispute, but only the legal effect of the facts is presented for determination, then summary judgment may be properly granted." *Westgate Families v. County Clerk of Los Alamos*, 100 N.M. 146, 148, 667 P.2d 453, 455 (1983); *Jelso v. World Balloon Corp.*, 97 N.M. 164, 637 P.2d 846 (Ct.App.1981).

The district court determined that the Bruckner/A & O and A & O/Yu contracts had no effect on the rights and duties of the parties to the original contract. That is, the Bruckners are still liable for the installment payments they agreed to undertake, and Paperchase cannot require return of the property or acceleration of the balance due in the absence of default in payments as they become due.

■ The district court concluded that the later transfers were not assignments of the original contract, but were independent contracts to sell. Since the Bruckner/A & O contract was not designed to relieve the Bruckners of their liabilities to Paperchase, we agree that that contract does not operate as a true assignment, and requires transfer of title to A & O only after the Bruckners have received title from Paperchase.

■ It is established that a subcontract by a purchaser to sell his interest under a contract of sale is a separate and independent contract between the purchaser and the subpurchaser, and does not meet the

definition of an assignment. In *Bishop v. Barndt*, 43 Cal.App. 149, 184 P. 901 (1919), the first purchaser's later contract to sell to a subpurchaser was held not to be an assignment since the subpurchaser, "assumed no obligations under that agreement towards [the original vendor] so as to bring herself into privity with her." *Id.* at 157, 184 P. at 904. In *Park v. McCoy*, 121 Wash. 189, 208 P. 1098 (1922), the court ruled that an "entirely new and independent contract for sale" by the vendee under a land sale contract was not a violation of the original contract's prohibition against assignment.

Since neither the Bruckner/A & O or the A & O/Yu contracts attempted to relieve Bruckners of their responsibilities to Paperchase, the clause was not violated. The particular individuals on whom Paperchase chose to rely for payment of the purchase price, Bruckners, have remained in contact with the land and in privity of contract with Paperchase.

Since we agree that there was no violation of the non-assignment provision of the original contract, and no default under which either forfeiture or acceleration of payments could be asserted, the decision of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.