694 P.2d 518

Gene BOATWRIGHT and Elaine Boatwright, Plaintiffs-Appellants,

v.

Thomas HOWARD and Sandra Howard, Defendants-Appellees.

No. 15399.

Supreme Court of New Mexico.

Jan. 30, 1985.

Morris Stagner, Clovis, Winston Roberts-Hohl, Santa Fe, for plaintiffs-appellants.

Stephen Quinn, Clovis, for defendants-appellees.

## OPINION

FEDERICI, Chief Justice.

Plaintiffs-appellants, Gene Boatwright and Elaine Boatwright (Boatwrights), brought suit in the District Court of Curry County against defendants-appellees, Thomas Howard and Sandra Howard (Howards), for breach of a real estate contract, breach of property restrictions, harassment, and money due on an open account. The Boatwrights sought restitution of the property, damages, an injunction, and the

money due. The Howards counterclaimed seeking damages for trespass, threats of death and bodily harm, slander, contractual interference, and storage charges. The district court granted the Howards' motion for summary judgment and dismissed that portion of the complaint requesting restitution of the property. The Boatwrights appeal from this summary judgment. We affirm.

The Boatwrights sold land and improvements to the Howards on a real estate contract. In Count I of their complaint, the Boatwrights alleged that the Howards had failed to maintain the insurance on the property as specified in the contract and had destroyed certain improvements and pasture. As a result of these actions, the Boatwrights sought to accelerate the balance due of $7,850. When that demand was not met, they initiated this suit to terminate the Howards' rights under the contract and to regain possession of the property. The district court held that, as a matter of law, these alleged breaches of the contract on the part of the Howards did not constitute a default under the terms of the contract and that the Boatwrights, therefore, did not have a right to regain possession. We agree.

The real estate contract provides for a purchase price of $17,850 to be paid as follows: $10,000 within one year and the balance of $7,850 in seven equal annual payments. The Howards have made the $10,000 payment. Paragraph 4 of the contract requires the Howards to maintain insurance on the property in the amount of $5,000 for the benefit of the Boatwrights. Paragraph 5 provides that the Boatwrights pay all current taxes, "liens and charges now against said Real Estate" and that the Howards thereafter pay all taxes, assessments, and street improvements "that may hereafter be levied or ordered by lawful authority and which would in the event of failure so to do, create a *charge against the said Real Estate.*" (Emphasis added.) Paragraph 6, the default provision, reads:

6. It is mutually agreed that time is the essence of this contract and in the event that the said Vendee should refuse or neglect to pay said several sums of money at the times above specified and remain in default for thirty days after any payment shall become due and payable, or in case the said Vendee shall fail or refuse to pay said taxes, assessments or *other charges against said Real Estate* within thirty days after the same shall become due, the Vendor may, at his option declare this contract void and no longer binding, and thereupon all payments which have been made in pursuance of this contract shall be considered liquidated damages for failure of the said Vendee to perform his contract and the said Vendee shall forever forfeit his right to said Real Estate or the payments so made as aforesaid. (Emphasis added.)

The Boatwrights raise two points in support of their contention that they are entitled to terminate the real estate contract and regain possession as a result of the alleged breaches. First, they argue that the cost of insurance is a charge within the meaning of the phrase "other charges against the Real Estate" contained in Paragraph 6 and that the meaning of this phrase presents a factual question which should not be decided on a summary judgment motion. We disagree.

■ Absent any ambiguity, the construction of a contract is a question of law. *Shaeffer v. Kelton,* 95 N.M. 182, 619 P.2d 1226 (1980). Whether an agreement contains an ambiguity is also a question of law. *Young v. Thomas,* 93 N.M. 677, 604 P.2d 370 (1979). It is the role of the courts to interpret and enforce a contract as written by the parties. *Schaefer v. Hinkle,* 93 N.M. 129, 597 P.2d 314 (1979). The entire contract must be considered in determining whether an ambiguity exists in a contract. *Lindbeck v. Bendziunas,* 84 N.M. 21, 498 P.2d 1364 (Ct.App.1972).

■ The district court properly applied these principles to the contract in the present case. When Paragraphs 5 and 6 are considered together, it is clear that the term "charges against the Real Estate"

means those costs that are levied on the real estate which, if not paid, could become liens or affect the title to the real estate by casting a cloud upon it. Insurance is not such a cost. It is not a cost *against the real estate* that could be satisfied out of the real estate. The Boatwrights had other adequate remedies under the agreement. They could have sued to enforce the insurance provision or, in the alternative, they could have paid the insurance premiums and then sought reimbursement from the Howards.

The Boatwrights also contend that a security agreement entered into by the parties after the real estate contract was executed helps clarify what the parties intended to constitute default under the real estate contract. This security agreement was entered into by the parties approximately four months after the real estate contract was signed. It attempts to secure payment of $7,850, the balance of the purchase price under the real estate contract, by giving the Boatwrights a security interest in the very property conveyed by the real estate contract and also in certain fixtures appurtenant to that property. Because the Boatwrights retain legal title to the property under the real estate contract until the purchase price is completely paid, we do not understand why they also sought a security interest in what is still their property. It is the Boatwrights' contention that the default clause of this standard form security agreement should be used to construe the default clause of the real estate contract. We disagree.

The intent of the parties in executing the real estate contract should be ascertained from the contract itself. Since we determined that the real estate contract was unambiguous, it is unnecessary to resort to extrinsic facts. *Otero v. Buslee,* 695 F.2d 1244 (10th Cir.1982); *Greer v. Stanolind Oil & Gas Co.,* 200 F.2d 920 (10th Cir.1952). Under the facts in this case, it is not necessary to consider the effect of the security agreement.

In addition, we do not find this to be a situation where two separate docu-ments should be treated as a single contract. Although the two instruments were executed by the same parties and concern the same subject matter, there is no evidence to indicate that the parties intended for them to be merged. *See Master Builders, Inc. v. Cabbell,* 95 N.M. 371, 622 P.2d 276 (Ct.App.1980), *cert. denied,* 95 N.M. 426, 622 P.2d 1046 (1981). Nor do we find support in the record that the parties intended for the default provision in the security agreement to replace the default provision in the real estate contract. A clause in a subsequent invalid agreement ought not be used to alter the meaning of a valid, prior and unambiguous contract.

The district court properly granted summary judgment. We affirm.

IT IS SO ORDERED.

DAN SOSA, Jr., Senior Justice, and STOWERS, J., concur.