728 P.2d 458

**STATE of New Mexico ex rel. Jacquelyn ROBINS, Chief Public Defender for the State of New Mexico, Petitioner,**

v.

**Hon. Norman HODGES, Sixth Judicial District Judge, et al., Respondents.**

No. 16481.

Supreme Court of New Mexico.

Nov. 5, 1986.

Rehearing Denied Nov. 19, 1986.

Simmons, Cuddy & Friedman, Charlotte H. Hetherington, Santa Fe, for petitioner.

Paul Bardacke, Atty. Gen., G.T.S. Khalsa, Asst. Atty. Gen., Santa Fe, for respondents.

Peter Keys, Silver City, real party in interest.

OPINION

WALTERS, Justice.

The Public Defender has petitioned us to make permanent our earlier-issued temporary writ of superintending control. Although other respondents and real parties in interest were initially named in the petition and controlled by the alternative writ, this Opinion, in support of our permanent writ issued herein, concerns only that case relating to attorney fees allowed by the district court over and above the amount agreed upon in written documents exchanged between the Public Defender Department and the "farm-out" defense attorney, and in excess of the Public Defender's fee schedule.

Our decision is not premised solely upon the limits of the fee schedule promulgated by the Chief Public Defender for "attorneys who are not employees of the Department who serve as counsel for indigent persons under the Public Defender Act," as required by NMSA 1978, § 31–15–7A(11) (Repl.Pamp.1984). Our Rule 46.1, (NMSA 1978, Crim.P.R. 46.1 (Repl.Pamp.1985)), provides that in such criminal cases as require appointment by the court of defense counsel in indigent cases, the district court shall follow the fee schedule but may award greater fees when the complexity of the case warrants or exceptional circumstances exist.

In the matter of *State v. Short* in Grant County Cause No. CR. 85–052, the defense attorney, by written agreement, accepted employment to represent Short for a specific amount. Upon completion of the pro-

ceedings and at the request of the attorney, the district court ordered the Public Defender Department to pay an additional $3,000 to the attorney and ordered the defendant to reimburse the Public Defender Department $1,200 for earlier attorney fees paid in his case.

 We note that the attorney was not appointed by the court; he represented the defendant expressly by contract with the Public Defender Department. We hold, therefore, that Rule 46.1 by its own terms does not apply in such a case. We hold, further, that the district court is without authority, under basic contract law, to alter or amend the terms of a contract freely entered into between the parties, but must enforce it as written. *Boatright v. Howard*, 102 N.M. 262, 694 P.2d 518 (1985); *Smith v. Price's Creameries*, 98 N.M. 541, 650 P.2d 825 (1982).

The alternative writ as applied to Grant County Cause No. CR 85–052 is, therefore, made permanent, and respondent therein is directed to vacate that portion of its order as awards or direct payments of attorney fees above the amount expressed in the written agreements between the attorney and petitioner.

IT IS SO ORDERED.

RIORDAN, C.J., and FEDERICI, J., concur.

SOSA, Senior Justice, and STOWERS, J., dissent.