789 P.2d 1260

**John LORENTZEN, Plaintiff–Appellee,**

v.

**Manuel T. SANCHEZ and Felicita Sanchez, his wife, et al., Defendants–Appellants.**

No. 18448.

Supreme Court of New Mexico.

April 3, 1990.

Melvin D. Rueckhaus, Clara Ann Bowler, Albuquerque, for defendants-appellants.

James C. Hall, Frank P. Dickson, Jr., Albuquerque, for plaintiff-appellee.

## OPINION

WILSON, Justice.

Manuel T. and Felicita Sanchez (the Sanchezes), defendants-appellants, appeal a trial court judgment which modified a real estate contract between the Sanchezes and John Lorentzen (Lorentzen), plaintiff-appellee. The trial court modified the contract to reflect the court's finding that the Sanchezes did not convey full fee simple title to the property and ordered the Sanchezes to refund seventy-five percent of the purchase price to Lorentzen. We reverse.

## STATEMENT OF FACTS

On April 9, 1985, the parties entered into a real estate contract in which Lorentzen bought and the Sanchezes sold a half-acre parcel of unimproved real estate for $10,000. The contract required a $2,500 downpayment and three annual payments of $2,500 at ten-percent annual interest, and required the Sanchezes to execute a warranty deed and place it in escrow.

The parties' agreement was on a printed real estate contract form which included the following additional typed and initialed paragraph:

The *Purchaser agrees to commence and complete as soon as possible a suit to quiet the title to the property herein conveyed at his own cost* and the Escrow Agent herein is hereby empowered to insert in the Warranty Deed after the wording "more particularly described as" the full survey description approved in the Quiet Title Decree. It being further provided, however, that *in the event the*

*Quiet Title Suit is prevented from reaching its conclusion within six months hereof that the Purchaser may instruct the Escrow Agent to deliver to the Seller the Special Warranty Deed escrowed herewith, whereupon the Seller shall immediately pay $2,500.00 to Purchaser.* Otherwise this contract shall remain in full force and effect. [Emphasis added.]

Lorentzen paid the downpayment and the first annual payment, totalling $5,000. Lorentzen did not elect to rescind the contract within the six month period provided by the contract and sued to quiet title to the property on October 17, 1985, eight days after the six month period expired. Lorentzen joined the Sanchezes as involuntary plaintiffs in that suit. Lorentzen cured an alleged title defect by purchasing the interest of third parties who claimed a fractional interest in the property, and on October 1, 1986, he obtained a judgment quieting title in his name. The next day Lorentzen notified the Sanchezes of his judgment and offered to pay them a token amount for a quitclaim deed to the property, rather than the agreed contract price. The Sanchezes moved to set aside the judgment and on April 2, 1987, the trial court entered an amended judgment stating that Lorentzen's title to the property was subject to the Sanchezes' real estate contract.

On May 14, 1987, Lorentzen filed a complaint against the Sanchezes seeking: (1) an injunction prohibiting the Sanchezes from enforcing the contract; (2) modification of the contractual purchase price and reimbursement of $2,500 for overpayment of the modified contract price; and (3) $20,000 in damages which Lorentzen spent purchasing third parties' interests in the property, due to the Sanchezes' breach of title warranty. The trial court granted the injunction on the condition that Lorentzen continue payments under the original contract into escrow. The trial court found that the Sanchezes only owned a one-fourth interest in the property when the contract was made, and that Lorentzen paid $20,000

to third parties to cure defects in the property's title. The court also found that Lorentzen was not aware of any specific title problems with the Sanchezes' property until after the contract was executed. The parties agreed that the contract was not ambiguous, fraudulent, or the result of mistake. The trial court concluded that the Sanchezes breached their title warranty and thus, Lorentzen should only pay twenty-five percent of the purchase price; $2,500. The Sanchezes appeal the trial court's judgment.

ISSUES

On appeal the Sanchezes claim that substantial evidence does not support the trial court's judgment modifying the contract price upon its finding that the Sanchezes owned and conveyed a one-fourth interest in the property. Lorentzen argues that the Sanchezes breached title warranties by not delivering full fee simple title to the property, thus entitling him to a reduction of the purchase price.

Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Register v. Roberson Constr. Co.,* 106 N.M. 243, 245, 741 P.2d 1364, 1366 (1987). In deciding whether substantial evidence supports the trial court's ruling we must determine whether Lorentzen contracted to assume the responsibility and costs for curing any title defects, in lieu of exercising his option to rescind the contract and obtaining a refund of the purchase price. We find this issue to be dispositive of this case. In answering this question we examine the contract's provisions, which embody the parties' intent. *Boatright v. Howard,* 102 N.M. 262, 694 P.2d 518 (1985). "In construing the terms of the contract, each part of the contract is to be accorded significance according to its place in the contract so as to ascertain and give effect to the intentions of the parties." *Brooks v. Tanner,* 101 N.M. 203, 206, 680 P.2d 343, 346 (1984). "[W]here there is inconsistency in a contract, matter deliberately added by the parties to the contract form must prevail."

17A C.J.S. *Contracts* § 310 (1963). *See also NLRB v. Boyer Bros.*, 448 F.2d 555, 560 (3d Cir.1971), *cert. denied, Boyer Bros. v. NLRB*, 409 U.S. 878, 93 S.Ct. 132, 34 L.Ed.2d 132 (1972).

The real estate contract gave Lorentzen six months to conclude a suit to quiet title to the property. If the property's title was defective Lorentzen could cure any title defects at his own cost and amend the deed to describe the actual property interest conveyed or he could rescind the contract and recover his purchase price payments.

Lorentzen asserts that the Sanchezes breached the warranty deed covenants. Such covenants include the warranty that " 'the grantor * * * has good right to sell and convey the [granted premises] * * *' " NMSA 1978, § 47–1–37. This warranty was included in the contract form. However, the parties deliberately added to the contract the typed paragraph noted above, in which Lorentzen agreed to quiet title to the property at his own expense or opt to rescind the contract within six months. Under the law stated above, this language must take precedence over that in the contract form.

"New Mexico * * * has a strong public policy of freedom to contract that requires enforcement of contracts unless they clearly contravene some law or rule of public morals." *United Wholesale Liquor Co. v. Brown–Forman Distillers Corp.*, 108 N.M. 467, 471, 775 P.2d 233, 237 (1989). A purchaser of real estate may waive title defects by failing to object to them at closing, when the contract provides the purchaser with the option of waiving any title defects or rescinding the contract. *See Jones v. Dickens*, 394 F.2d 233 (10th Cir. 1968).

The record indicates that Lorentzen was a licensed real estate broker who had a real estate company. He personally negotiated this contract with the Sanchezes and bought the Sanchez property and adjoining property as part of a plan to develop a seventeen-acre tract. The contract itself shows that Lorentzen was aware that the Sanchez property was not without title problems. Lorentzen elected to clear title at his own cost, thereby waiving his right of rescission and reimbursement, as well as his right to challenge the title conveyed. *See id.*

CONCLUSION

The Sanchezes had no duty to perfect the property's title, as Lorentzen contracted to assume that burden. Without a duty there can be no breach. As Lorentzen received everything he bargained for, the district court erred in reducing the contract price. Accordingly, we reverse and remand to the trial court to enter judgment consistent with this opinion.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.